A01A0414, A01A0415. BETHEA et al. v. CORALLI et al.; and vice versa.
(546 SE2d 542)

PHIPPS, Judge.

Genevieve Bethea and her husband, Harvey, brought this action against her cardiologist, Dr. Richard Coralli, and his medical partnership, The Atlanta Heart Group, P.C. (collectively referred to as "Coralli"). The Betheas seek to recover damages for injuries to Mrs. Bethea based on theories of common law fraud and violation of Georgia's informed consent statute (OCGA § 31-9-6.1). The trial court granted Coralli's motion for directed verdict on the fraud theory only. The jury then returned a verdict in favor of Coralli. In Case No. A01A0414, the Betheas appeal. They challenge the trial court's application of Georgia's informed consent law and various of its jury instructions. In Case No. A01A0415, Coralli cross-appeals the court's partial denial of its motion for directed verdict. Because the trial court committed no error in its application of the law or in its jury charges, we affirm the judgment entered on the jury verdict and dismiss the cross-appeal as moot.

Mrs. Bethea's internist referred her to Dr. Coralli because of symptoms she reported. Because Mrs. Bethea had risk factors suggestive of coronary artery disease, Dr. Coralli asked her to perform a treadmill test. According to Dr. Coralli, the test had to be discontinued after several minutes because Mrs. Bethea experienced chest pain and profound shortness of breath. As a result, he recommended that she submit to a cardiac catheterization the following day. She agreed. During the catheterization, cholesterol plaque dislodged from her arterial walls and was carried through her bloodstream to her brain and kidneys, causing her to suffer a stroke and incur permanent injuries including vision problems.

1. The Betheas complain of the trial court's grant of Coralli's motion for directed verdict on the fraud count of their complaint and of the court's refusal to give requested jury instructions relating to that count.

The trial focused on whether Dr. Coralli made misrepresentations to the Betheas concerning the availability of diagnostic procedures less invasive than a cardiac catheterization. OCGA § 31-9-6.1 (a) states that any person who undergoes certain surgical or diagnostic procedures shall be provided various information. It is undisputed that a cardiac catheterization is a diagnostic procedure to which sub-

section (a) applies. Subsection (a) (5) requires that the patient be informed in general terms of "[t]he practical alternatives to [the] proposed surgical or diagnostic procedure which are generally recognized and accepted by reasonably prudent physicians." Before submitting to the catheterization, Mrs. Bethea signed an informed consent form documenting that she had been informed that there were no practical alternatives to the catheterization. Her husband testified that he had been particularly concerned that an invasive procedure was being ordered, had asked Dr. Coralli if anything else could be done, and had been told no. According to the Betheas' medical expert, Dr. Coralli could have employed other, noninvasive diagnostic studies such as a thallium or radio nuclide scan. According to Dr. Coralli and his medical experts, the less invasive procedures would not have resulted in a reliable diagnosis of Mrs. Bethea's condition.

The trial court ruled that the Betheas have no viable claim against Coralli for fraud, based on OCGA §§ 31-9-6 (d) and 31-9-6.1 (d). OCGA § 31-9-6.1 (d) provides that a failure to comply with the requirements of OCGA § 31-9-6.1 shall not constitute a separate cause of action but may give rise to an action for medical malpractice. Under OCGA § 31-9-6 (d), a fraudulent misrepresentation of material facts invalidates the consent.[1]

In *Albany Urology Clinic v. Cleveland*,[2] our Supreme Court held that prior to enactment of the informed consent statute, Georgia physicians were not required to disclose to their patients any of the risks associated with a particular medical treatment or procedure, but that a physician did then and does now have a common law duty to answer truthfully a patient's questions regarding medical or procedural risks.

In reliance on this aspect of the *Albany Urology* decision, the Betheas argue that because Mr. Bethea specifically asked about the availability of alternative procedures, Dr. Coralli violated his common law duty to speak the truth and therefore can be held liable for fraud.

Even if we were to accept this argument, it would not benefit the Betheas here. This is so because the trial court did charge the jury, relative to the Betheas' claim against Coralli for violation of the informed consent statute, that Mrs. Bethea's consent would not be valid if it was obtained through fraudulent misrepresentations by Dr. Coralli. By its verdict, the jury necessarily found that Dr. Coralli did not commit fraud. Consequently, the issue of fraud was resolved

---

[1] See *Smith v. Wilfong*, 218 Ga. App. 503, 506-507 (2) (462 SE2d 163) (1995).
[2] 272 Ga. 296, 298 (1) (528 SE2d 777) (2000).

against the Betheas.

2. The Betheas contend that the court erred in charging the jurors that they were to determine Coralli's liability based upon information available to and known by Dr. Coralli at the time the procedure was performed rather than on hindsight.

> The hindsight charge "becomes appropriate in a medical malpractice case where the evidence raises an issue as to whether the negligence claim is based on later acquired knowledge or information not known or reasonably available to the defendant physician at the time the medical care was rendered. (Cit.)" [Cit.][3]

Through expert medical testimony, as well as argument of counsel, the Betheas raised such an issue. They sought to show that Dr. Coralli should not have performed the catheterization based on the fact that the procedure revealed no evidence of significant heart disease. Therefore, the complained-of charge was authorized.

3. Because there was evidence that Mrs. Bethea had peripheral vascular disease which may have contributed to vision problems suffered as a result of her stroke, the court did not err in charging the jury that the Betheas could not recover for injuries or disabilities not connected with the acts or omissions of Coralli and not proximately caused thereby.

4. The court committed no error harmful to the Betheas in charging the jury on OCGA § 31-9-6.1 (d).

Under subsection (d), a failure to comply with the requirements of OCGA § 31-9-6.1 may give rise to an action for medical malpractice upon a showing:

> (1) That the patient suffered an injury which was proximately caused by the surgical or diagnostic procedure; (2) That information concerning the injury suffered was not disclosed as required by this Code section; and (3) That a reasonably prudent patient would have refused the surgical or diagnostic procedure or would have chosen a practical alternative to such proposed surgical or diagnostic procedure if such information had been disclosed.

The Betheas do not dispute that OCGA § 31-9-6.1 (a) (3) requires disclosure of generally recognized and accepted material risks that could result from the proposed procedure. Mrs. Bethea was apprised of the risks of the procedure. Their claim is that she would not have

---

[3] *Horton v. Eaton*, 215 Ga. App. 803, 807 (4) (452 SE2d 541) (1994).

chosen it if she had been informed of noninvasive alternatives as required by OCGA § 31-9-6.1 (a) (5). In pertinent part, the trial court charged the jury that if Dr. Coralli did not make one or more of the disclosures required by the informed consent statute, then in order for the Betheas to recover, they must prove that Mrs. Bethea suffered an injury which was proximately caused by the catheterization and that a reasonably prudent person would have refused such procedure or chosen a practical alternative if such information had been disclosed. The trial court thus charged the jury on requirements imposed by parts (1) and (3) of subsection (d) while omitting any reference to requirements contained in part (2). Although it is debatable whether part (2) of subsection (d) applies in this case, unquestionably parts (1) and (3) apply. Therefore, no ground for reversal appears.

*Judgment affirmed in Case No. A01A0414. Appeal dismissed in Case No. A01A0415. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 2, 2001 —
RECONSIDERATION DENIED MARCH 30, 2001.

*Bird & Mabrey, William Q. Bird, Karin A. Middleton,* for appellants.

*Love & Willingham, Robert P. Monyak, Anna B. Fretwell,* for appellees.